c
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOYCE MAE JAMES, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:18-CV-01507 |
| VERSUS | JUDGE DRELL |
| PROGRESSIVE SECURITY INSURANCE CO., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## ORDER

Before the Court is a Partial Motion to Dismiss or, in the alternative, Motion for Partial Summary Judgment (Doc. 21), filed by Defendant the United States of America (the "United States"). The United States seeks dismissal of Plaintiff Loyce Mae James's ("James's") claims as time-barred under Fed. R. Civ. P. 12(b)(6), or alternatively, under Fed. R. Civ. P. 56. (Doc. 21-1, p. 1). James opposes. (Doc. 24).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). But a court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-499 (5th Cir. 2000)).

Rule 12(d) of the Federal Rules of Civil Procedure provides:

> If, on [a Rule 12(b)(6) motion], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); see also Brand Coupon Network, L.L.C., 748 F.3d at 635 n. 9. The documents attached to the United States's motion were not referred to in James's Complaint and were not "central" to James's claims. Because the documents must be considered in determining whether James's suit against the United States is timely, the Court finds conversion of the Partial Motion to Dismiss (Doc. 21) into a Motion for Partial Summary Judgment is warranted under Rule 12(d).

Accordingly,

IT IS ORDERED that the Clerk of Court recharacterize the United States's Partial Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment (Doc. 21) as a Motion for Partial Summary Judgment.

IT IS FURTHER ORDERED that, within **7 days** of this Order, the United States shall supplement their Motion for Partial Summary Judgment (Doc. 21) with a statement of undisputed material facts in accordance with Fed. R. Civ. P. 56, Local Rule 7.5, and Local Rule 56.

IT IS FURTHER ORDERED that James may file a Supplemental Opposition Brief within **14 days** of the United States's supplement under Fed. R. Civ. P. 56, Local Rule 7.5, and Local Rule 56, including a statement of disputed material facts and any

evidence to be considered. The Court will consider a motion for leave to conduct discovery, or for additional time to brief.

IT IS FURTHER ORDERED that the United States is allowed **7 days** thereafter to file a Reply to James's Supplemental Opposition Brief, or to file a motion for leave.

IT IS FURTHER ORDERED that, if no additional discovery is needed, the parties shall include a statement in their briefing that they do not require additional discovery to adequately respond under Fed. R. Civ. P. 56, and that they have had a reasonable opportunity to brief the issues.

No other briefs will be allowed. Upon completion of the briefing period, the Court will thereafter issue a decision under Fed. R. Civ. P. 56.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 15th day of November 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE