c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOYCE MAE JAMES, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:18-CV-01507 |
| VERSUS | JUDGE DRELL |
| PROGRESSIVE SECURITY INSURANCE CO., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion for Partial Summary Judgment (ECF No. 21) filed by Defendant the United States of America (the "United States").[1] The United States seeks partial summary judgment under Fed. R. Civ. P. 56 of Plaintiff Loyce Mae James's ("James") Federal Tort Claims Act ("FTCA") claim as time-barred. ECF No. 21-1 at 1. James opposes. ECF Nos. 24, 42.

Because James's FTCA claim is barred by the FTCA's six-month statute of limitations, and because James is not entitled to equitable tolling, the United States's Motion for Partial Summary Judgment (ECF No. 21) should be GRANTED.

---

[1] The motion was originally filed as a "Partial Motion to Dismiss or, in the alternative, Motion for Partial Summary Judgment." Documents attached to the motion were not referred to in James's Petition and were not "central" to James's claims. ECF No. 34. Therefore, the Court converted the United States's motion into a Motion for Partial Summary Judgment under Fed. R. Civ. P. 12(d) and the parties were allowed additional briefing pertinent to the motion. *Id.* at 2-3. The motion has now been fully briefed and the Court will consider the documents and declaration extrinsic to the pleadings in support of partial summary judgment.

I.  Background

On October 23, 2017, James originally filed a Petition for Damages in the Twelfth Judicial District Court, Avoyelles Parish, Louisiana. ECF No. 1-2 at 11-15. James named Defendants Progressive Security Insurance Company ("Progressive") and Theresa A. James ("Theresa"). ECF No. 1-2 at 11. James asserts injuries resulting from an automobile accident on October 26, 2016 in Marksville, Louisiana. ECF No. 1-2 at 11.

James alleges she was a passenger in a 1998 Ford Crown Victoria owned by Charles Washington and operated by Theresa. ECF No. 1-2 at 11-12. James asserts Theresa was traveling west on Louisiana Highway 1192. ECF No. 1-2 at 12. James alleges a 1991 Chevrolet LLV owned by the United States Postal Service ("USPS") and operated by Chris A. Normand ("Normand') was stopped on the shoulder of the west-bound lane of Louisiana Highway 1192. *Id.* James asserts that, as Theresa was approaching, the Normand vehicle entered the west-bound lane and struck her front passenger fender. *Id.*

James claims Theresa was negligent and/or strictly liable. *Id.* James asserts injuries to her ankle, shoulder, and back; bruises, contusions, and other injuries to other parts of the body; traumatic anxiety neurosis; and post-traumatic headaches. ECF No. 1-2 at 13. James seeks compensatory damages for physical pain and suffering (past, present, and future); mental pain and anguish (past, present, and future); medical expenses (past, present, and future); loss of enjoyment of life (past,

2

present, and future); property damage (glasses); physical disability and limitation of activities, hobbies, and endeavors; and interest and costs. *Id.*

Progressive answered, asserting various affirmative defenses. ECF No. 18 at 21-24.

On March 5, 2018, Donald F. Benjamin ("Benjamin") filed a Petition for Intervention. ECF No. 18 at 61-65. Benjamin asserts he was also a guest passenger in the Theresa vehicle. ECF No. 18 at 61. Benjamin named the original Defendants Progressive and Theresa. *Id.* Benjamin alleges he sustained injuries to his low back and leg; bruises, contusions, and other injuries to other parts of the body; traumatic anxiety neurosis; and post-traumatic headaches. *Id.* at 63. Benjamin seeks damages for physical pain and suffering (past, present, and future); mental pain and anguish (past, present, and future); medical expenses (past, present, and future); loss of enjoyment of life (past, present, and future); physical disability and limitation of activities, hobbies, and endeavors; and interest and costs. *Id.* at 64.

Progressive answered Benjamin's Petition for Intervention, asserting various affirmative defenses. *Id.* at 99-103. Theresa answered both James's Petition for Damages and Benjamin's Petition for Intervention, adopting Progressive's Answers and affirmative defenses to both. *Id.* at 105. On August 8, 2018, James settled her claims against Progressive and Theresa.[2] ECF No. 36 at 1.

---

[2] On November 19, 2019 – over a year after settlement and after removal – James's claims against Progressive and Theresa were dismissed with prejudice. ECF No. 37. Progressive and Theresa remain Intervenor-Defendants as to Benjamin's claims.

3

On September 28, 2018, James and Benjamin (collectively, "Plaintiffs") filed a First Supplemental Amending Petition for Damages ("Amended Petition"). ECF No. 1-2 at 3-10. Plaintiffs added Defendants the United States and Normand. *Id.* at 4. Plaintiffs assert Normand was an employee acting in the course and scope of his employment with the United States. *Id.* at 7. Plaintiffs allege the United States is vicariously liable under the doctrine of *respondeat superior* for Normand's negligence. *Id.*

Progressive and Theresa answered Plaintiffs' Amended Petition. ECF No. 18 at 148-150. On November 19, 2018, the United States removed under 28 U.S.C. § 1346(b) and 28 U.S.C. § 1442(a)(1) on the basis that the suit affects the interests of the United States and its agency components. ECF No. 1. The United States admits Normand was a USPS employee acting in the course and scope of his employment as a mail carrier at the time of the accident. *Id.* at 2.

Now, the United States seeks partial summary judgment against James for his failure to timely assert his FTCA claim against the United States. ECF No. 21-1 at 8.[3] In support, the United States submits a Statement of Undisputed Material Facts

---

[3] The United States did not indicate it also seeks dismissal of Normand. But the United States separately filed an Answer to the FTCA claims asserted by Benjamin in the Amended Petition. ECF No. 22. The United States asserted Normand is not a proper party to the action. *Id.* at 4. Under 28 U.S.C. § 2679(b)(1), "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred." Additionally, upon certification that the defendant employee was acting within the scope of his office or employment at the time of the incident, any civil action commenced in a United States District Court or commenced in a State court and removed to a United States District Court shall be deemed an action against the United States and the United States shall be substituted as the party defendant. 28 U.S.C. § 2679(d)(1)-(2). Here, the United States admits in its Notice of Removal (ECF No. 1 at 1-2) and its Answer to Benjamin's Amended Petition (ECF No. 22 at 4) that Normand is an employee of the USPS acting in the course

4

(ECF No. 38); the Declaration of David R. Kupper ("Kupper"), an attorney for the USPS Law Department, National Tort Center ("NTC") (ECF No. 21-2 at 1-3); its Final Denial Letter (ECF No. 21- at 4-5); the August 22, 2018 letter from James's attorney (ECF No. 21-2 at 6); and the September 13, 2018 response from the United States (ECF No. 21-2 at 7). James opposes (ECF Nos. 24, 42) and submitted a Statement of Disputed Material Facts (ECF No. 41).

II. <u>Law and Analysis</u>

    A. <u>Standards governing a Motion for Summary Judgment.</u>

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.[4]

---

and scope of his employment. Although not addressed by this motion, Normand is not a proper party to this action. Where – as here – the United States has already been named as a defendant, the proper procedure is to dismiss the individual defendant. *See Robinson v. Durney*, 2007 WL 2479660, at *2 (W.D. La. Jul. 26, 2007) (citing 28 U.S.C. § 2679(d)). Accordingly, Normand should be dismissed *sua sponte*. The United States is the only proper party defendant.

[4] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

5

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

### B. James failed to satisfy the FTCA's six-month statute of limitations.

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). The FTCA waives immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA establishes the exclusive remedy for tort claims arising out of the actions of the federal government and its employees. 28 U.S.C. § 2679.

"The [FTCA] provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' *and* then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1629, 191 L.Ed.2d 533 (2015) (citing 28 U.S.C. § 2401(b)) (emphasis added); *see also Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016);

6

*Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001). A claimant is required to meet both of those deadlines. *Kwai Fun Wong,* 135 S. Ct. at 1627. However, § 2401(b)'s time limits are subject to equitable tolling. *Id.* But the United States Court of Appeals for the Fifth Circuit "appl[ies] that doctrine 'sparingly[]' and [the party seeking its application] 'has the burden to provide justification' for doing so." *Ellis v. United States Department of Veterans Affairs*, 721 Fed.Appx. 395, 397 (5th Cir. 2018) (per curiam) (citing *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011)).

Here, James's FTCA claims against the United States are time-barred because the undisputed facts make clear that James did not file his FTCA claims in a federal court within six months of agency denial. James presented a timely administrative claim to USPS. ECF Nos. 21-2 at 1; 38 at 1; 41 at 1. On January 26, 2018, USPS mailed a final denial of James's administrative claim. ECF Nos. 21-2 at 2, 4; 38 at 1-2. Three days later, James's attorney received the final denial and signed the PS Form 3811 Domestic Return Receipt. ECF Nos. 21-2 at 5; 38 at 1-2. The denial advised James that he may file suit in a United States District Court no later than six months after the date of the mailing of the final denial. *Id.* Thus, James had until July 26, 2018 to file suit in federal court. ECF Nos. 21-2 at 4-7; 38 at 2.

On August 27, 2018, USPS received an August 22, 2018 letter from James's attorney, including medical and billing records. ECF Nos. 21-2 at 2, 6; 38 at 2. On September 13, 2018, the United States replied, reiterating that James's FTCA claim was denied on January 26, 2018 and attaching a copy of that denial. ECF Nos. 21-2 at 3, 7; 38 at 2. USPS also advised James's attorney that the six-month period to file

suit or request reconsideration of the final denial expired on July 26, 2018. ECF Nos. 21-2 at 3; 38 at 2.

James's Amended Petition adding the United States and USPS employee Normand was not filed until September 28, 2018 – two months after the expiration of the six-month period following the January 26, 2018 final denial letter. ECF No. 1-2 at 3-10. There is no genuine issue of material fact that James failed to file his FTCA claims within six months of the USPS denial.[5] The only remaining question is whether equitable tolling should apply.

### C. James is not entitled to equitable tolling.

James argues that he could not add the United States as a defendant because Benjamin's FTCA claim was part of James's state court action and Benjamin's FTCA claim had not been decided by the United States. ECF NO. 24 at 2. James asserts the United States was added as a defendant for both James's and Benjamin's claims at the same time, all within two years of the October 26, 2016 accident. ECF No. 24 at 2-3. James argues the FTCA time limits should be equitably tolled because the United States was not prejudiced by the minimal delay and had notice of the claim, and because adding the United States as a defendant for both claims at the same time facilitated judicial and economical efficiency. ECF No. 24 at 4. James did not provide – and the Court was unable to locate – any precedent allowing a plaintiff to await

---

[5] James also argues his FTCA claim is timely because he amended to add the FTCA claim within two years of the date of accident. However, James must comply with both deadlines – the deadline to file his FTCA claim within two years of the tort *and* the deadline to file suit in district court within six-months of the agency's denial. *See Kwai Fun Wong,* 135 S. Ct. at 1627. As discussed, James did not comply with the six-month deadline.

resolution of another injured party's administrative FTCA claim prior to filing suit in district court.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Trinity Marine*, 812 F.3d at 488–89 (citations omitted). The claimant "bears the burden of justifying equitable tolling." *Id.* at 489. The Fifth Circuit has acknowledged that "factors to consider in determining whether to apply equitable tolling include diligence on the part of the party bringing the action, and timely service of process." *Flores v. United States*, 719 Fed.Appx. 312, 316 (5th Cir. 2018) (citations omitted). Equitable tolling is "not intended for those who sleep on their rights." *Trinity Marine*, 812 F.3d at 489 (citing *Covey v. Ark River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

The Fifth Circuit also recognizes equitable tolling where a plaintiff is unaware "of the facts giving rising to the claim because of the defendant's intentional concealment of them." *Trinity Marine*, 812 F.3d. at 489 (citing *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011)). Equitable tolling is a narrow remedy "to be applied 'sparingly.'" *Granger*, 636 F.3d at 712 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).[6]

Here, James has failed to establish any factors in support of equitable tolling. There is no evidence that James was misled by the agency or that any misrepresentation preventing him from timely asserting his FTCA claim in federal

---

[6] The Fifth Circuit is "reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Wion v. Quarterman*, 567 F.3d 146, 149 (5th Cir. 2009)).

court. It is undisputed that the final denial letter sent to James' attorney on January 26, 2018 advised James of her right to file suit no later than six months after the date USPS sent the notice. ECF No. 38 at 2; 41 at 1-2. The letter advised that James could alternatively file a written request for reconsideration prior to the expiration of the six-month period to file suit. *Id.* It is also undisputed that the United States was not named as a defendant until September 28, 2018 – more than six months after the USPS issued notice of final denial. *Id.* James's attorney offers no evidence in support of equitable tolling other than explaining that he was awaiting the final denial for Benjamin's claims before adding the United States as a party. ECF Nos. 24 at 4, 41 at 2.

Also, while not expressly stated, it appears James argues his new FTCA claim in his Amended Petition against new Defendant the United States "relate back" to his original Petition for statute of limitations purposes. ECF Nos. 24 at 3-4, 41 at 2. But the Fifth Circuit has foreclosed this argument:

> [w]hen a plaintiff adds a defendant after the limitations period has run, Rule 15(c) allows the plaintiff to relate the claims filed against the new defendant back to the date of the original filing. *See* Fed. R. Civ. P. 15(c). To do so, the plaintiff must show both that the added defendant received adequate notice of the original lawsuit and that the defendant knew that, but for a mistake concerning the identity of the defendant, the action would have originally been brought against the defendant. *Jacobsen v. Osborne*, 133 F.3d 315, 319-22 (5th Cir. 1998). Rule 15(c) is meant to "correct a *mistake* concerning the identity of the party." *Id.* at 321. "'Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" *Id.* (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)).

*Winzer v. Kaufman Cty.*, 916 F.3d 464, 470 (5th Cir. 2019).

10

James also asserts his original suit was timely filed on October 23, 2017, thus interrupting prescription as to all negligent parties. ECF No. 41 at 2. However, James's original Petition did not name the United States or Normand as defendants, and no FTCA claims were asserted against the United States or Normand. ECF No. 21-2. Normand received service of the Amended Petition on October 18, 2018 and no formal service was effected on USPS. ECF No. 1 at 2. There is no evidence of any mistake concerning the identity of the original parties and no evidence James did not know the identity of Normand.

It is undisputed James filed his administrative claim with USPS on June 12, 2017. (ECF Nos. 21-2, 41). James was aware of the identity of Normand and that he was a USPS employee. However, upon denial of his administrative claim, he simply failed to timely assert his FTCA claim in federal court. James's Amended Petition does not relate back to the original filing date. *See Winzer*, 916 F.3d at 470-71 (finding that the district court did not err in granting summary judgment to newly added defendants based on the statute of limitations). Therefore, James's FTCA claim against the United States is untimely.

### III. Conclusion

Because there is no genuine issue of material fact that James failed to timely assert his FTCA claim against the United States before the six-month deadline; because James has not shown he is entitled to equitable tolling; and because Normand is not a proper party to this action;

11

IT IS RECOMMENDED that the United States's Motion for Partial Summary Judgment (ECF No. 21) be GRANTED.

IT IS FURTHER RECOMMENDED that James's FTCA claims against the United States be DISMISSED WITH PREJUDICE.[7]

IT IS FURTHER RECOMMENDED that all claims against Normand be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[7] If the recommendations are adopted, the only remaining claims are Benjamin's FTCA claims against the United States and Benjamin's claims against Progressive and Theresa.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  24th  day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE